# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

JOSE MARIANO BONILLA ROSALES,

Petitioner,

v.

MATTHEW WHITAKER, et al.,

Respondents.

Case No. 18-cv-05466-RS

**ORDER DISMISSING PETITION AS MOOT**

## I. INTRODUCTION

This habeas corpus action arises from the transfer of petitioners Agustin de Jesus Caro-Conde and Jose Mariano Bonilla Rosales[1] from an immigration detention facility in Northern California to a facility in Colorado, despite their retention of pro bono counsel in the Bay Area. On October 22, 2018, the Court issued an order to show cause why it should not grant petitioners' motion for preliminary injunction. The parties were subsequently requested to submit supplemental briefing on several specific questions relating to petitioners' APA claim. Shortly thereafter, the government transferred petitioner Bonilla Rosales ("Petitioner") to a detention facility within ICE's San Francisco Area of Responsibility ("Northern California AOR") and requested this action be dismissed as moot. For the reasons set forth below, the petition is dismissed as moot.

---

[1] Petitioner Caro Conde has since been removed from this petition, per his request. Accordingly, only facts and issues related to Petitioner Bonilla Rosales will be addressed here.

## II. BACKGROUND

In May 2018, Petitioner was apprehended at a port of entry as an arriving immigrant not in possession of a valid entry document. Petitioner was subsequently charged and detained at the West County Detention Facility ("West County Facility") in Richmond, California, under the custody of U.S. Immigration and Customs Enforcement ("ICE"). In July, Contra Costa County unilaterally terminated its contract to house ICE detainees at the West County Facility, requiring that all detainees be transferred within four months. On August 17, 2018, ICE transferred Petitioner from the West County Facility to an ICE detention facility in Aurora, Colorado ("Aurora Facility").

Since July 2018, Petitioner has been represented by pro bono counsel David Suk located in the Bay Area. Petitioner alleges his relocation to the Aurora Facility limited his ability to communicate with counsel because they could no longer meet in person, and because of the difficulty of scheduling phone calls while detained. Furthermore, Petitioner alleges he did not have access to confidential phone calls and was forced to discuss his case with counsel in public spaces where other detainees could overhear the conversation.

In September 2018, Petitioner filed a habeas petition alleging his transfer out of state violated (1) his statutory right to counsel under 8 U.S.C. § 1229a(b)(4)(A), (2) his Fifth Amendment Due Process right to counsel, and (3) section 706(2) of the Administrative Procedure Act ("APA"). Petitioner also sought a temporary restraining order and preliminary injunction requiring that ICE either release petitioner or return him to Northern California. The government subsequently transferred Petitioner to the Mesa Verde Detention Facility in Bakersfield, California ("Bakersfield Facility")[2] and now seeks dismissal of this action as moot.

## III. DISCUSSION

As explained above, Petitioner was recently transferred to a detention facility within the Northern California AOR. The government argues this voluntary transfer renders his petition

---

[2] The Bakersfield Facility falls within the Northern California AOR.

moot, thereby depriving this Court of subject matter jurisdiction. *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). In evaluating mootness, courts must determine whether there is a "a present controversy as to which effective relief can be granted." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (quoting *Northwest Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988). Thus, where a court is unable to grant effective relief, a claim must generally be dismissed as moot. *Am. Rivers*, 126 F.3d at 1123.

Under the voluntary cessation exception, however, a court may nonetheless exercise subject matter jurisdiction if (1) the government voluntarily ceased the alleged illegal activity, (2) the cessation was caused by the litigation, and (3) there is a reasonable expectation that the wrong will be repeated. *Sze v. INS*, 153 F.3d 1005, 1008 (9th Cir. 1998). Ultimately, the party seeking dismissal of the action as moot bears the burden of showing that it is clear the challenged conduct will not reoccur. *See Fikre v. Fed. Bureau of Investigation*, 904 F.3d 1033, 1038, 1039 (9th Cir. 2018).

There appears to be no dispute that the first two requirements of the voluntary cessation exception are met. Therefore, the only question remaining is whether it is clear the alleged wrong will not be repeated. The alleged wrongdoing is Respondents' transfer of Petitioner away from Northern California in violation of his right to counsel and in violation of ICE's internal policy. It is undisputed that this transfer occurred because Contra Costa County unilaterally terminated its contract to house ICE detainees at the West County Facility. There is no suggestion in this record that, during the course of Petitioner's removal proceeding, the Bakersfield Facility where he is currently detained will be closed and that he will once again be transferred away from the Northern California AOR. Furthermore, Respondents have represented that they will comply with ICE Detainee Transfers Policy 11022.1, which specifically bars them from transferring a detainee away from counsel of record absent emergent circumstances that necessitate such a transfer. In sum, it is clear Petitioner is very unlikely to be transferred away from counsel again during his removal proceeding. Accordingly, this case is dismissed as moot.

## V. CONCLUSION

1         For the foregoing reasons, the petition is dismissed with prejudice. A certificate of appealability will not issue.

**IT IS SO ORDERED**.

Dated: January 23, 2019

_____
RICHARD SEEBORG
United States District Judge